Michael P. Balaban   State Bar No. 9370
LAW OFFICES OF MICHAEL P. BALABAN
10726 Del Rudini Street
Las Vegas, NV  89141
(702)586-2964
Fax: (702)586-3023

Attorney for Plaintiff

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| LEDENIA LEVI, | CASE NO. |
| Plaintiff, | COMPLAINT FOR DAMAGES AND OTHER RELIEF BASED UPON: |
| vs. | 1. DISABILITY DISCRIMINATION, FAILURE TO ACCOMMODATE AND RETAILIATION IN VIOLATION OF THE AMERICANS WITH DISABILITIES ACT |
| STATE OF NEVADA, DEPARTMENT OF HEALTH & HUMAN SERVICES, | JURY DEMAND |
| Defendant. | |

Plaintiff LEDENIA LEVI ("Plaintiff" or "Levi") alleges as follows:

1.     This action is brought pursuant to the Americans with Disabilities Act of 1990, 42 U.S.C. § 12101, *et seq.* (hereinafter "ADA").  Jurisdiction is predicated under this code section as well as 28 U.S.C. § 1331 as this action involves a federal question.

2.     At all relevant times, Defendant STATE OF NEVADA, DEPARTMENT OF HEALTH & HUMAN SERVICES (hereinafter the "State of Nevada" or "Defendant") employed

1

twenty (20) or more employees for each working day during each of 20 or more calendar workweeks in the current or preceding calendar year, and they are therefore subject to the provisions of the ADA.

3. The events or omissions giving rise to Plaintiff's claim occurred in this judicial district, thus venue is proper here pursuant to *28 USC §1391(b)(2),* and the ends of justice so require.

## PARTIES

4. Plaintiff, Levi, is a citizen of the United States and a resident of the State of Nevada, County of Clark and City of Las Vegas.

5. Plaintiff is informed and believes and thereon alleges that at all relevant times giving rise to the claims asserted, Plaintiff was employed in Las Vegas, Nevada by the State of Nevada. Defendant is an employer within the meaning of *42 USC §12111(5)(A).*

## EXHAUSTION OF REMEDIES

6. Plaintiff timely filed a "Charge of Discrimination" with the Equal Employment Opportunity Commission ("EEOC") and was issued a Notice of Right to Sue by the EEOC on January 5, 2016, a copy of which is attached to Complaint as Exhibit "A".

## STATEMENT OF FACTS

7. On July 10, 2006, Plaintiff was hired by Defendant as a Mental Health Technician I. On November 9, 2007, Plaintiff was promoted by Defendant to a Mental Health Technician II and on January 8, 2013 Levi was promoted by Defendant to a Mental Health Technician III.

8. On May 2, 2013 while performing a physical restraint in a training class Plaintiff twisted her right knee and suffered a closed dislocation of the right patella (a medial meniscus tear of her right knee).

9. On or about May 2, 2013 Levi was approved intermittent Family Medical Leave (FML) because of the injury.

10. Plaintiff's treating physician released her to light duty with limited walking and no

squatting, kneeling, stooping, climbing, lifting or confrontations and the Division of Child and Family Services returned Levi back to light duty work in the medical records unit from May 4, 2013 through August 1, 2013.

11. On August 8, 2013 Levi had surgery on her right knee which included a right knee scope and medial synovectomy to repair the tear and dislocation to Plaintiff's right knee.

12. After her surgery, Plaintiff continued with follow-up appointments and Defendant was provided progress reports on her condition. On September 13, 2013 a Functional Capacity Evaluation (FCE) was ordered to determine the work level Plaintiff could perform based on the permanent restrictions Levi was given by her doctor.

13. On October 30, 2013 Plaintiff received a letter outlining the FCE results/findings, permanent work restrictions, re-employment options and vocational rehabilitation services. This included that Levi was released to "medium level work" with specific restrictions to avoid squatting, occasional walking, kneeling (w/support), crawling and climbing.

14. As of October 11, 2003 Plaintiff exhausted all her FML and she was put on leave without pay status from October 12, 2013 through November 22, 2013.

15. On November 14, 2013 Levi received approval for an alternative job on a permanent basis as an Administrative Assistant I in the Division of Child and Family Services and started the position on November 25, 2013.

16. This was a clerical position which only required Plaintiff to sit at a desk. Unfortunately her desk was located on the second floor of a building with no elevator. As part of her duties she was required to carry documents, files, reams of papers and other items up and down the stairs a minimum of six times a day, but on most days ten to twelve times.

17. Having to carry the various items up and down the stairs led to Plaintiff experiencing severe pain and swelling in her right knee and required her to use a cane to help her to ambulate throughout the work days. Levi's doctor approved the use of the cane to get around.

18. On December 27, 2013 it was determined by Defendant that it was not safe to

allow Levi to use a cane to go up and down the stairs and her job as Administrative Assistant I was terminated as of that date.

19. At no time did Defendant consider putting Levi's desk on the first floor and have other employees carry the office supplies and other items up and down the stairs, which would have accommodated her disabilities.

20. Thereafter on January 2, 2014 Plaintiff was put on leave without pay status and on January 30, 2014 Levi was informed that she would not be provided additional leave without pay.

21. Finally on March 6, 2014 the State of Nevada recommended Plaintiff's employment be separated and Levi's employment with Defendant was officially terminated effective March 28, 2014.

22. During the time period from when she was terminated from the Administrative Assistant I on December 27, 2013 to when her employment was terminated completely on March 28, 2014, Plaintiff requested an accommodation to another alternative position which she could perform the essential functions of with her disabilities but was not given another alternative position.

23. Levi was willing to take an alternative job that accommodated her disability at any department or division at the State of Nevada, not just the Department of Health & Human Services or the Division of Child and Family Services.

## CAUSE OF ACTION

**(For Disability Discrimination, Failure to Accommodate**

**and Retaliation in Violation of the ADA)**

24. Plaintiff Levi incorporates the allegations set forth in paragraphs 1 through 23, inclusive, as if fully set forth herein.

25. As set forth hereinabove, on May 2, 2013 while performing a physical restraint in a training class Plaintiff twisted her right knee and suffered a closed dislocation of the right patella (a medial meniscus tear of her right knee) which substantially limited her in the major life

activities of walking, squatting, kneeling, crawling, stooping, climbing, lifting and working, among other major life activities, and thus qualified Levi as disabled under the ADA.

26. Further Levi was also a qualified individual with a disability because with or without accommodations she could perform the essential function of the job she held or desired.

27. In particular she was able to perform the job of Administrative Assistant I which she was approved for and started on November 25, 2013. This job accommodated her right knee impairment because the position was a desk job which mostly required Plaintiff to sit at a desk.

28. Unfortunately the job also required Plaintiff to climb up and down stairs (a minimum of six times a day, but on most days ten to twelve times), with office suppliers or other items. Levi tried to accommodate for her right knee impairment by using a cane to ambulate up and down the stairs (which was approved by her doctor), but Defendant would not allow this and instead terminated her from this position on December 27, 2013.

29. Instead of terminating Levi from the position, the State of Nevada could have accommodated Plaintiff's inability to walk up and down the stairs without use of a cane by moving her desk from the second floor to the first floor and having a non-disabled employee carry the office suppliers or other items up and down the stairs.

30. In addition, Defendant could have also accommodated Levi's disability by finding her another permanent job which she could have performed the essentially functions of with her disabilities. Plaintiff was willing to transfer to any department or division at the State of Nevada in order to find a position which could accommodate her disabilities.

31. The State of Nevada could have also extended her non paid leave of absence (which is a reasonable accommodation under the ADA), until they could have found Plaintiff an alternative job which she could have performed with her disabilities.

32. Because Defendant failed to provide Levi with these or other accommodations under the ADA and ultimately terminated Plaintiff because of her disability, they are liable to Plaintiff for damages under the ADA.

33. Further Plaintiff was retaliated against for requesting accommodations under the ADA and for otherwise engaging in protected activity or otherwise pursuing her rights under the ADA.

34. As a direct, foreseeable, and legal result of the Defendant's disability discrimination, failure to accommodate Plaintiff's disability and retaliation, Plaintiff has suffered, overall economic losses in earnings, bonuses, job benefits and expenses, in an amount to be proven at trial which exceeds the minimum jurisdictional limits of this Court.

35. Defendant's retaliation was with deliberate indifference to Plaintiff's rights or was willful, entitling Plaintiff to an award of liquidated damages equal to double the amount of her actual damages.

36. As a further direct, foreseeable, and legal result of the Defendant's disability discrimination, failure to accommodate and retaliation, Plaintiff has suffered indignity, mental anguish, humiliation, emotional distress, nervousness, tension, anxiety, change in sleep patterns, depression, inconvenience and loss of enjoyment of life and other pecuniary losses, the extent of which is not fully known at this time, for which Plaintiff seeks damages in an amount in excess of the minimum jurisdictional limits of the Court, also to be proven at the time of trial.

37. In acting as they did, Defendant knowingly, willfully, and intentionally acted in conscious disregard of Plaintiff's rights. Their conduct was despicable, has subjected Plaintiff to oppression, and it warrants an award of punitive and exemplary damages in favor of Plaintiff, in a sum according to proof at trial.

38. Plaintiff claims the damages alleged herein, together with prejudgment interest as provided by law, in a sum according to proof at trial.

39. Plaintiff has incurred, and continues to incur, attorney's fees in the prosecution of her claims. Plaintiff therefore seeks an award of reasonable attorney's fees, in a sum according to proof at trial.

///

# PRAYER FOR RELIEF

WHEREFORE, Plaintiff Levi demands judgment against Defendant as follows:

1. Declaring that the acts and practices complained of here are a violation of the ADA and retaliation;

2. Enjoining and permanently restraining the violations by Defendant of the ADA and for retaliation;

3. For back pay and front pay for overall economic losses in earnings, bonuses, job benefits and expenses, according to proof at time of trial;

4. For liquidated damages for retaliation as an additional amount equal to the sum of actual damages and interest;

5. For compensatory damages for mental and emotional distress, worry, indignity, mental anxiety, mortification, depression, shame, grief, inconvenience and loss of enjoyment of life and other pecuniary losses, all to Plaintiff's damage in a sum to be shown at the time of trial;

6. For punitive damages;

7. For attorney's fees and costs in an amount determined by the court to be reasonable;

8. For pre-judgment interest on all damages; and

9. For any other and further relief that the Court considers proper.

# DEMAND FOR JURY TRIAL

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff demands a trial by jury in this action.

DATED: 4/4/2016         LAW OFFICES OF MICHAEL P. BALABAN

BY: /s/ Michael P. Balaban
Michael P. Balaban
LAW OFFICES OF MICHAEL P. BALABAN
10726 Del Rudini Street
Las Vegas, NV  89141

# EXHIBIT A

EEOC Form 161 (11/09)  U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

## DISMISSAL AND NOTICE OF RIGHTS

| To: | Ledenia Levi<br>3618 Kolendo Ct.<br>Apt A<br>Las Vegas, NV 89103 | From: | Las Vegas Local Office<br>333 Las Vegas Blvd South<br>Suite-8112<br>Las Vegas, NV 89101 |
|---|---|---|---|

[ ] *On behalf of person(s) aggrieved whose identity is CONFIDENTIAL (29 CFR §1601.7(a))*

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| 487-2014-00413 | Jonathan Munoz, Investigator | (702) 388-5058 |

### THE EEOC IS CLOSING ITS FILE ON THIS CHARGE FOR THE FOLLOWING REASON:

[ ] The facts alleged in the charge fail to state a claim under any of the statutes enforced by the EEOC.

[ ] Your allegations did not involve a disability as defined by the Americans With Disabilities Act.

[ ] The Respondent employs less than the required number of employees or is not otherwise covered by the statutes.

[ ] Your charge was not timely filed with EEOC; in other words, you waited too long after the date(s) of the alleged discrimination to file your charge

[X] The EEOC issues the following determination: Based upon its investigation, the EEOC is unable to conclude that the information obtained establishes violations of the statutes. This does not certify that the respondent is in compliance with the statutes. No finding is made as to any other issues that might be construed as having been raised by this charge.

[ ] The EEOC has adopted the findings of the state or local fair employment practices agency that investigated this charge.

[ ] Other *(briefly state)*

### - NOTICE OF SUIT RIGHTS -
*(See the additional information attached to this form.)*

**Title VII, the Americans with Disabilities Act, the Genetic Information Nondiscrimination Act, or the Age Discrimination in Employment Act:** This will be the only notice of dismissal and of your right to sue that we will send you. You may file a lawsuit against the respondent(s) under federal law based on this charge in federal or state court. Your lawsuit **must be filed WITHIN 90 DAYS** of your receipt of this notice; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a claim under state law may be different.)

**Equal Pay Act (EPA):** EPA suits must be filed in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that **backpay due for any violations that occurred more than 2 years (3 years) before you file suit may not be collectible.**

On behalf of the Commission

Enclosures(s)

Richard T. Burgamy,
Local Office Director

1/5/16
*(Date Mailed)*

cc: Darren Squillante
Human Resources Officer
STATE OF NEVADA DEPT OF HEALTH & HUMAN SERVICES
4126 Technology Way 3rd Floor
Carson City, NV 89700